**Shirley B. FLESHER, Plaintiff-Appellant,**

v.

**Ruby Allen CARTER, Defendant et al., Interpleaders-Respondents.**

**No. 33907.**

St. Louis Court of Appeals, Missouri.

April 27, 1971.

Armstrong, Teasdale, Kramer & Vaughan, John J. Cole, Thomas E. Wack, St. Louis, for plaintiff-appellant.

Schramm & Morganstern, Paul H. Schramm, Donald R. Wilson, Clayton, for interpleaders-respondents.

SMITH, Commissioner.

Plaintiff appeals from the action of the Circuit Court in sustaining the interplea of Raymond C. Hunt and Ruby Allen Hunt in a garnishment action. Interpleaders contend that the personal property garnished was owed to them as tenants by the entireties and was not subject to execution for a prior judgment against the wife.

In May 1967, plaintiff obtained a judgment against Ruby Allen Carter. In August 1968, Ruby Allen Carter married Raymond C. Hunt. Prior to the marriage Ruby Allen Carter had owned and operated a real estate agency under the name Ruby Allen Carter Realty. Prior to the marriage Mr. Hunt had also owned and operated a real estate agency under his name. By a document dated January 13, 1969 (filed with the Secretary of State on January 17, 1969) the Ruby Allen Carter Realty was registered under the Missouri Fictitious Name Act (Sections 417.200–417.230 RSMo 1969, V.A.M.S.) as owned by Ruby A. Hunt and Raymond C. Hunt by the entireties. Mr. Hunt stated this was in accord with a verbal agreement made after the marriage "that this company would be owned by the two of us."

In March 1970, plaintiff issued out the garnishment in aid of execution here involved. It was directed to Ira E. Berry,

Inc. (hereinafter Berry) and garnished all property and money in its hands belonging to Ruby Allen Carter. Interpleaders then filed their interplea alleging that pursuant to the garnishment Berry intended to withhold certain commissions due to interpleaders from the closing of a real estate contract. The contract provided for payment of the commissions to "Ruby Allen Carter Realty and Ira E. Berry, Inc." Following hearing and the introduction of evidence the court sustained the interplea and this appeal followed.

█ Plaintiff attacks the action of the trial court on two grounds: (1) the proof of the creation of a tenancy by the entireties was inadequate and (2) if such tenancy was created it was a fraud upon plaintiff as a judgment creditor. It is clear that if a valid tenancy by the entireties existed the funds would not be subject to garnishment and execution to satisfy a judgment against the wife alone. Hanebrink v. Tower Grove Bank and Trust Company, Mo.App., 321 S.W.2d 524 [2].

█ As to the first point it should be noted that the judgment debtor was Ruby Allen Carter. The funds in the hands of Berry, to which interpleaders claimed, were owed to Ruby Allen Carter *Realty*. Plaintiff offered no evidence that the two were the same. The only evidence came from Mr. & Mrs. Hunt who both testified the company was owned by the entireties. They introduced evidence that they had so registered it with the Secretary of State. At the time of hearing Mr. Hunt was managing the business and Mrs. Hunt was not actively engaged in the real estate business, although she had been at the time the sale contract was signed and planned to be in the future. Mr. Hunt took care of the bookkeeping, and the space from which Ruby Allen Carter Realty operated was leased by Mr. Hunt personally. The salesman who obtained the contract was "licensed to" Mr. Hunt and attempted to sell real estate for Mr. Hunt or for Ruby Allen Carter Realty. She had been paid her share of the commission due by Mr. Hunt. The evidence at the hearing could lead only to the conclusion that Ruby Allen Carter Realty was a business owned by the entireties by interpleaders. There simply was no evidence to the contrary.

█ Plaintiff's position essentially is that interpleaders' evidence fails to overcome plaintiff's apparent presumption that Ruby Allen Carter and Ruby Allen Carter Realty are one and the same. From whence this presumption arises we are not told and we decline to so presume. In view of the difference in name plaintiff bore the burden of introducing some evidence of identity at the time the garnishment issued, which she did not do. Plaintiff's reliance on Cooper v. Freer, Mo.App., 385 S.W.2d 340, is misplaced. In that case there was sharp dispute in the evidence of whether the business involved was a sole proprietorship at the important time or was owned by the husband and wife by the entireties. And there the court stated: " * * * Registration under fictitious name * * * would indicate some intention of the parties to establish a partnership and tenancy by entirety. But there is *no* evidence of any transfer, any act, any contract, any assignment, or any agreement, written or verbal, by which the intention was * * * ever 'activated'." (l. c. 344).

In this case we have not only the registration, but also a verbal agreement, a course of conduct consistent with entireties ownership, and no evidence of sole ownership.

As to her second point plaintiff relies on § 428.020, RSMo 1969, V.A.M.S., which provides in pertinent part: "Every conveyance or assignment in writing, or otherwise, of any estate or interest in lands, or in goods and chattels, or in things in action, or of any rents and profits issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution, made or contrived with the intent to hinder, delay or

defraud creditors of their lawful actions, damages, forfeitures, debts or demands, * * * shall be * * * deemed and taken, as against said creditors * * * to be clearly and utterly void."

 It is true that transfers of assets between spouses are viewed with suspicion where prejudicial to the creditors of one spouse, and must be clearly shown to be in good faith. Cooper v. Freer, *supra*, [1, 2]. But first there must be a transfer of something of value. And once again plaintiff has produced no evidence which would cause § 428.020 to be applicable. The most that can be said of interpleaders' actions is that they agreed to operate under a business name formerly used only by the wife. There was no showing that the business had any assets at the time of the agreement, that the name had any value, or that the business had any value. There is no evidence that anything at all was conveyed or assigned. Unless there is a conveyance or assignment of something having value § 428.020 does not come into effect. Again the reliance on Cooper v. Freer is misplaced. There, a transfer was effectuated of a bank account of the business. It should also be pointed out that the commission which plaintiff here attempted to garnish was not even in contemplation until execution of the sale contract, some 13 months after the registration with the Secretary of State. Whatever else may be the effect of § 428.020, it does not preclude a judgment debtor from simply agreeing to operate a business with another where no assets are conveyed.

The judgment for interpleaders is affirmed.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, judgment for interpleaders is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.